598 P.2d 1158

Elizabeth Salmans **BARKER**,
Petitioner-Appellant,

v.

Warren Hall **BARKER**,
Respondent-Appellee.

No. 12384.

Supreme Court of New Mexico.

Aug. 22, 1979.

Arthur H. Coleman, Albuquerque, for petitioner-appellant.

Adams & Foley, Quincy D. Adams, Albuquerque, for respondent-appellee.

## OPINION

FEDERICI, Justice.

The questions we address in this appeal are (1) whether the trial court's judgment which approved a property settlement between husband and wife is modified by case law handed down by the Supreme Court after judgment was entered and filed, and (2) whether wife's petition to set aside the final divorce decree pursuant to N.M.R. Civ.P. 60(b), N.M.S.A.1978 was properly denied. The trial court held that its original judgment was not modified and denied wife's petition to set aside the final decree. Wife appeals. We affirm.

Counsel for the parties appeared before the trial court on October 14, 1977, and stipulated to a property settlement. The trial court approved the stipulation of the parties that husband pay alimony to wife in the amount of $550 per month and that all of husband's retirement benefits, including any account in P.E.R.A., would remain his sole and separate property.

On January 13, 1978, the final decree dissolving the marriage was entered; on the same day this Court filed its decision in *Hughes v. Hughes*, 91 N.M. 339, 573 P.2d 1194 (1978). On February 21, 1978, this Court filed its opinion in *Copeland v. Copeland*, 91 N.M. 409, 575 P.2d 99 (1978). On April 4, 1978, forty-two days after *Copeland* was filed and nearly three months after this Court announced its decision in *Hughes*, wife petitioned to set aside the final decree, based upon the rules of law announced in *Hughes* and *Copeland*. On August 15, 1978, her petition was taken as being made pursuant to Rule 60(b). The trial court denied wife's motion to set aside the final decree and property settlement.

On appeal, wife contends that *Hughes* and *Copeland* apply to this case and that the property settlement should, therefore, be set aside. We disagree.

In this case judgment was entered and filed prior to the filing of the opinion in *Copeland* and on the same day as *Hughes* was filed. Wife did not take a timely appeal. Instead, she proceeded under Rule 60(b) some time after *Hughes* and *Copeland* were filed. We hold that the principles and rules of law announced in *Hughes* and *Copeland* apply prospectively only. The principles and rules announced in *Hughes* and *Copeland* are limited in their application to cases which, at the time *Hughes* and *Copeland* were filed, were pending and in which no final judgment had been entered, cases in which a final judgment had been entered but the time for appeal has not expired, and cases which are filed in the future. *See Wehrle v. Robison*, 92 N.M. 485, 590 P.2d 33 (1979); *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1976).

In addition, the stipulation and agreement were entered into without fraud or imposition and were approved by the trial court. The stipulation and agreement may not now be set aside. *Esquibel v. Brown Construction Company, Inc.*, 85 N.M. 487, 513 P.2d 1269 (Ct.App.1973), *cert. denied*, 85 N.M. 483, 513 P.2d 1265 (1973).

Wife's second argument on appeal is that Rule 60(b) was proper authority for granting her petition to set aside the final decree and settlement. Rule 60(b) may not be used to toll the time for taking an appeal. *Wehrle, supra. See Chavez v. Village of Cimarron*, 65 N.M. 141, 333 P.2d 882 (1958).

The trial court's denial of wife's requested relief is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, J., concur.