652 P.2d 1188

Carol L. WHENRY, Plaintiff-Appellee,

v.

Jack L. WHENRY, Defendant-Appellant.

Gerry E. NEAVE, Petitioner-Appellee,

v.

David A. NEAVE, Respondent-Appellant.

John W. BOWDEN, Petitioner-Appellant,

v.

Lorna D. BOWDEN,
Respondent-Appellee.

Ruth STROSHINE, Petitioner-Appellant,

v.

Arnold STROSHINE,
Respondent-Appellee.

Edmond N. DUROCHER,
Petitioner-Appellant,

v.

Sally Rose DUROCHER,
Respondent-Appellee.

Albert M. ATLER, Petitioner-Appellant,

v.

Donna A. ATLER, Respondent-Appellee.

Nos. 13864, 13960, 13984, 14003,
14061 and 14093.

Supreme Court of New Mexico.

June 22, 1982.

738

Donald D. Young, Albuquerque, for defendant-appellant Whenry.

John C. Wheeler, Albuquerque, Byron L. Treaster, Los Alamos, for plaintiff-appellee Whenry.

Jack T. Whorton, Alamogordo, for respondent-appellant Neave.

Dan B. Buzzard, Clovis, Singleton & Roberts-Hohl, Sarah M. Singleton, Santa Fe, for petitioner-appellee Neave.

Jack T. Whorton, Alamogordo, for petitioner-appellant Bowden.

Durrett, Jordon & Grisham, Wayne A. Jordon, Alamogordo, for respondent-appellee Bowden.

S. Thomas Overstreet, Alamogordo, for petitioner-appellant Stroshine.

Alvin Jones, Roswell, for respondent-appellee Stroshine.

Jack T. Whorton, Alamogordo, for petitioner-appellant Durocher.

Durrett, Jordon & Grisham, Wayne A. Jordon, Alamogordo, for respondent-appellee Durocher.

David R. Sierra, Santa Fe, for petitioner-appellant Atler.

Keleher & McLeod, Peter H. Johnstone, Albuquerque, for respondent-appellee Atler.

OPINION

FEDERICI, Justice.

Numerous cases are being filed in the district courts of the State of New Mexico and appealed to the Supreme Court of New Mexico for a determination of the retroactive operation of the rule announced in *Espinda v. Espinda,* 96 N.M. 712, 634 P.2d 1264 (1981) (*Espinda*). All of the cases now pending on appeal on this issue in this Court have been consolidated for purposes of this opinion.

On June 26, 1981, the United States Supreme Court held that federal law precludes state courts from treating military retirement pay as community property. *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (*McCarty*). In light of the opinion by the Supreme Court of the United States, this Court, in *Espinda,* overruled prior New Mexico case law, to the extent that we had held that United States military retirement pay was community property.

We address one issue in this appeal: Whether the rule announced in *McCarty* and *Espinda* should be applied retroactively to cases such as these six cases consolidated upon appeal, wherein judgments based on prior New Mexico community property case law became final before the United States Supreme Court's opinion in *McCarty.*

We join in the result reached by a vast majority of courts which have considered this issue and hold that *McCarty* and *Espinda* are not to be applied retroactively to New Mexico judgments which were final prior to the pronouncement of *McCarty. See Wilson v. Wilson,* 667 F.2d 497 (5th Cir.1982); *Erspan v. Badgett,* 659 F.2d 26 (5th Cir.1981); *In re Marriage of Fellers,* 125 Cal.App.3d 254, 178 Cal.Rptr. 35 (1981); *In re Marriage of Sheldon,* 124 Cal.App.3d 371, 177 Cal.Rptr. 380 (1981); *In re Marriage of Mahone,* 123 Cal.App.3d 17, 176 Cal.Rptr. 274 (1981); *Braden v. Reno,* 8 Fam.L.Rptr. (BNA) 2041 (Idaho Dist.Ct., Nov. 3, 1981); *Duren v. Duren,* 627 S.W.2d 585 (Ky.1982). The briefs submitted by the parties and our research indicate that of the

state and federal courts which have addressed this issue, only the Texas Court of Appeals has applied *McCarty* retroactively. *See Ex Parte Buckhanan,* 626 S.W.2d 65 (Tex.Ct.App.1981) (Klingeman, J., dissenting).

Each of the six cases involved in this appeal arise from final divorce decrees in which the wife was granted a portion of the husband's military retirement, which was considered by the trial court as representing the wife's portion of her one-half of the community property accumulated during the marriage. In four of the six cases involved in this appeal, the final decrees incorporated property settlements and stipulations between the parties that military retirement pay was community property. The *Durocher* and *Whenry* military spouses disputed the contention that military retirement pay was community property. In none of the six cases was an appeal taken from the final divorce decree; the time for appeal in all cases had run by the time *McCarty* was decided. In each case, relying on *McCarty,* the military spouse subsequently filed a motion for relief from the final divorce decree. In the *Atler* case, the military spouse has withheld payments to his ex-spouse of the military retirement benefits since August 1981. In each case, following *McCarty,* the military spouse sought relief from his divorce decree; in every case except *Stroshine,* such relief was denied by the trial court. Timely appeals were taken from these decisions.

## I. RETROACTIVITY GUIDELINES.

[2] Where, as in *McCarty,* the overruling court does not address the retroactive effect of its own decision, the modern trend is to allow lower courts to draw their own conclusion on retroactivity using appropriate guidelines. This is so until the overriding court expressly clarifies what retroactive effect its overruling decision is to receive. *Annot.,* 10 A.L.R.3d 1371, 1399 (1966); *Ruhm v. Turner,* 357 F.Supp. 324 (W.D.Okla.1973).

For appropriate guidelines, we look to the United States Supreme Court which has reviewed the question of prospective versus retroactive application of a judicial decision

in numerous occasions. *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Most recently, in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), the Court discussed this issue at some length, identifying three separate factors generally applicable in considering this issue:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, [citation omitted], or by deciding an issue of first impression whose resolution was not clearly foreshadowed, [citation omitted]. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker, supra,* at 629, 85 S.Ct. at 1737. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." [Citation omitted.]

(A) *Reliance on the Overruled Clear Past Precedent.*

*McCarty* clearly establishes a new principle of law, by overruling the clear precedent of the progeny of New Mexico cases following *LeClert v. LeClert,* 80 N.M. 235, 453 P.2d 755 (1969). As evidenced by the final divorce decrees in the six cases at bar, for the twelve years immediately preceding *McCarty,* parties to cases filed in New Mexico and New Mexico attorneys and courts have relied on the rule established by case law that a division of military retirement benefits as community property could be made. Property settlements have been agreed upon based on that precedent. The extensive reliance on that prior precedent would make a fully retroactive application

of *McCarty* unjust and inequitable. *In Re Marriage of Sheldon, supra.*

(B) *Purpose of New Rule and Effect of Retroactive Application on the Rule's Operation.*

By concluding that "[s]tate courts are not free to reduce the amounts that Congress has determined are necessary for the retired member," the *McCarty* Court was acting to protect the "clear and substantial federal interest" which the Congress has in maintaining a military force and in protecting the goals of the military retirement system: "to provide for the retired service member, and to meet the personnel management needs of the active military forces." *McCarty,* 453 U.S. at 232, 101 S.Ct. at 2741. The Court reasoned that the lessening of retirement benefits caused by state community property laws reduces the incentive for enlistment or re-enlistment and thereby poses a threat to the maintenance of "youthful and vigorous" military forces. Our determination that *McCarty* should not be applied retroactively does not frustrate this purpose. Future enlistees or re-enlistees will have the incentive to enlist or re-enlist; prospective operation of *McCarty* will guarantee them full entitlement of retirement benefits. Our refusal to reopen cases, long since final, wherein retirement benefits have been treated as community property, will have little impact on the federal interest furthered by *McCarty*. The Congressional purposes articulated by the *McCarty* majority can be adequately served even if the decision is not given retroactive effect.

(C) *The Effect Retroactive Application Might Have on the Administration of Justice.*

On the basis that in no other area of law is the need for stability and finality greater than in marriage and family law, the court in *In re Marriage of Sheldon, supra,* 177 Cal.Rptr. at 384, found this factor most compelling in their refusal to apply the *McCarty* holding retroactively:

> Divorce inevitably requires old plans be abandoned, new plans made, and perceptions altered to conform to a changed

reality. To permit and in fact encourage the relitigation of property interests long after the issues were supposedly settled would merely serve to reopen old wounds and create new ones. There is no guarantee that the non-service member spouse would have assets sufficient to reimburse the service member for that portion of the pension rights which had previously been an awarded share of community property. Substantial hardship would result in cases where the non-member relied on the property settlement in converting his or her share into non-liquid assets. Moreover, a reallocation of property interests would likely constitute sufficient "changed circumstances" to trigger a second round of litigation involving spousal support awards [citations omitted]. We also note the immense burden on the administration of justice in our civil courts were such relitigation permitted [footnote omitted]. Under these circumstances, we conclude that a fully retroactive application of *McCarty* would be inimical to the principles of equity and fairness which underlie this state's family law system.

We agree with this statement. *See also In re Marriage of Fellers, supra.*

We have weighed the inequities which would be imposed by a retroactive application of *McCarty* in light of the factors stated in *Huson* and we conclude that there is ample basis for avoiding the injustice and hardships which would result in applying a rule of retroactive application.

## II. RES JUDICATA.

■ We are also persuaded that the rationale underlying the *McCarty* decision does not mandate its retroactive application. Nothing in *McCarty* suggests that the Court intended to invalidate or otherwise render unenforceable, prior valid and subsisting state court judgments. *Erspan v. Badgett, supra.* Absent a clear expression of such an intent from the Supreme Court of the United States, we refuse to invalidate prior valid state court judgments. Furthermore, as the United States Supreme

Court recently stated in *Federated Depart. Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981), "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." Consistent with *Moitie,* we hold that the res judicata consequences of final, unappealed judgments on the merits, which dispersed military retirement pay as community property, are not altered by the fact that the judgments rested on New Mexico case law which was subsequently overruled in *McCarty.*

██ We limit *McCarty* in its application to New Mexico cases which, when *McCarty* was decided, were pending in the district court and in which no final judgment had been entered, cases in which a final judgment had been entered but the time for appeal had not expired, cases on appeal, and cases which are filed in the future. *Barker v. Barker,* 93 N.M. 198, 598 P.2d 1158 (1979); *see Scott v. Rizzo,* 96 N.M. 682, 634 P.2d 1234 (1981). The result we have reached necessarily applies to future retirement pay, where, as in these cases, the trial courts had entered final judgments stating that military retirement pay was community property. Accordingly, in such cases, that portion of military retirement pay adjudged by the trial court to be community property shall continue to be paid to the ex-spouse in the same manner and amount as before *McCarty* became law.

### III. APPLICATION OF SURVIVOR BENEFIT PLAN.

In one of the cases now on appeal, *Whenry v. Whenry,* the trial court found that the non-military spouse was entitled to a certain percentage of the retirement benefits. The court ordered the military spouse to pay this percentage, subject to other adjustments in the final decree. One of these adjustments required the military spouse to pay a premium under the Survivor Benefit Plan (SBP), to permit his ex-spouse to receive an annuity from the federal government upon his death. The military spouse was to deduct this premium payment from his ex-spouse's percentage of the retirement benefits. The military spouse has paid premiums for this annuity since entry of the order. This portion of the trial court's order is contrary to the ruling in *McCarty,* where the United States Supreme Court expressly stated that an ex-spouse is not an eligible beneficiary of an annuity under SBP. *McCarty,* 101 S.Ct. at 2739; 10 U.S.C. §§ 1447(3) and 1450(a).

██ Consistent with the rationale stated earlier in this case, our refusal to permit relitigation of community property final judgments which have been heavily relied upon by the parties and which were based upon New Mexico precedent, we affirm the trial court's determination in the *Whenry* case, that the non-military spouse is entitled to the specified percentage of military retirement benefits. However, the extraordinary facts in this case lead us to a slightly different result. Under *McCarty,* Whenry's payment of premiums will accrue no rights to an annuity for his ex-spouse. According to their briefs, neither party wants the payment of this premium to continue. It would be inequitable and futile for the trial court's order requiring this expenditure for premiums as well as retainment of Whenry's ex-spouse as beneficiary, to remain in effect. The trial court is reversed on this issue and the *Whenry* military spouse is ordered to cease paying these premiums. From the date of this opinion forward, the ex-spouse shall receive the amount of military retirement benefits she would receive without this adjustment for the annuity.

The *Whenry, Neave, Bowden, Durocher* and *Atler* trial courts denied the military spouses relief from their divorce decrees. These trial courts are hereby affirmed on this issue. The *Atler* military spouse shall reimburse his ex-spouse for all payments he has withheld since August of 1981. The *Stroshine* trial court applied *McCarty* prospectively and relieved the military spouse from making payments to his ex-spouse after September 24, 1981. The *Stroshine* court is hereby reversed; the case is remanded with directions to enter such orders

and judgment as are necessary to conform with this opinion. The *Whenry* trial court's ruling on the annuity issue as discussed above is reversed; the case is remanded with directions to enter such orders and judgment as are necessary to conform with this opinion.

Each party shall bear his or her own attorney fees and costs.

IT IS SO ORDERED.

EASLEY, C.J., SOSA, Senior Justice, and PAYNE and RIORDAN, JJ., concur.