681 P.2d 722

**Mary Fay HARKINS,**
**Petitioner-Appellant,**

v.

**Michael J. HARKINS,**
**Respondent-Appellee.**

No. 15035.

Supreme Court of New Mexico.

May 29, 1984.

J. Ken Neundorf, Duran, Neundorf & Anderson, Albuquerque, for petitioner-appellant.

James K. Hansen, Thomas S. Watrous, P.A., Albuquerque, for respondent-appellee.

**OPINION**

FEDERICI, Chief Justice.

This is an appeal from the District Court of Bernalillo County, in which the trial court denied a motion filed by Mary Harkins (petitioner) to set aside a stipulated final divorce decree with respect to military retirement and alimony. In her motion, petitioner maintained that it was no longer

equitable for the divorce decree to have prospective application. This contention was based on the fact that the decree was entered *after* the United States Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), but *prior* to the enactment of the Uniformed Services Former Spouses' Protection Act (Act), 10 U.S.C. Section 1408 (1982). In *McCarty*, the Court held that military pay was not community property. The Act provided that state law would determine whether military retirement pay was community property. Based on the evidence, the trial court found that the original property settlement agreement and decree were equitable under the current status of the law. We affirm.

Final decrees may be reopened to correct inequities that would result should the judgment have prospective application. NMSA 1978, Civ.P.R. 60(b)(5) (Repl.Pamp. 1980). The issue on this appeal is whether the trial court acted within its discretion in denying a motion to set aside a stipulated final decree which provided lifetime alimony in lieu of a division of military retirement. *Cf. Whenry v. Whenry*, 98 N.M. 737, 652 P.2d 1188 (1982); *Espinda v. Espinda*, 96 N.M. 712, 634 P.2d 1264 (1981).

In New Mexico, parties in a divorce may agree and stipulate to a division of property and payment of alimony upon dissolution of marriage. In most cases a stipulation and agreement entered into without fraud or imposition and approved by the trial court is generally enforced and should not be set aside. *See Barker v. Barker*, 93 N.M. 198, 598 P.2d 1158 (1979); *Esquibel v. Brown Construction Co., Inc.*, 85 N.M. 487, 513 P.2d 1269 (Ct.App.), *cert. denied*, 85 N.M. 483, 513 P.2d 1265 (1973). If equitable, a stipulated agreement should not be vacated merely because an award may have been unwise or unfortunate in light of subsequent events. *Herrera v. C & R Paving Co.*, 73 N.M. 237, 387 P.2d 339 (1963).

The stipulated final decree of divorce which the parties entered into in this case provided that Michael Harkins' (respondent's) military retirement in the amount of $509.00 per month would be deemed his sole and separate property. The trial court properly applied equity and entered a decree which provided for a division of the real and personal property and debts of the parties. The court also properly applied equity in providing for alimony to appellant in the amount of $600.00 per month for one year, $500.00 per month for six years, $400.00 per month for one year, and thereafter $250.00 per month for the remainder of petitioner's life. Petitioner's motion to modify the decree was not subject to automatic denial as a matter of law. *Koppenhaver v. Koppenhaver*, 101 N.M. 105, 678 P.2d 1180 (Ct.App.), *cert. denied*, 101 N.M. 11, 677 P.2d 624 (1984). In *Koppenhaver*, the Court of Appeals stated:

> The wife's motion to modify the prior decree shall be considered; however, we do not presume to tell the trial court how to rule. Intervening equities or other factors may enter into and affect whether or to what extent modification may be warranted. In ruling on a motion under Rule 60(b) the trial court has discretion, within the confines of justice, to decide and act in accordance with what is fair and equitable. (Citation omitted.) Reversal by the reviewing court will only be ordered for a clear abuse of discretion.

*Id.* at 109, 678 P.2d at 1184.

In the instant case, however, petitioner has failed to show that the prospective application of that portion of the decree ordering alimony in lieu of military retirement was inequitable under the circumstances. The trial court did not abuse its discretion in refusing to grant appellant's motion to set aside the decree.

The judgment of the trial court is affirmed.

Each of the parties shall bear their own costs and attorney fees on appeal.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.