Argued and submitted September 18, affirmed as modified December 19, 1984

In the Matter of the Marriage of

HUTCHESON,
*Respondent,*
*and*

HUTCHESON,
*Appellant.*

(821748; CA A29984)

693 P2d 50

S. David Eves, Corvallis, argued the cause for appellant. With him on the brief was Ringo, Walton, Eves & Stuber, P.C., Corvallis.

Frederick L. Decker, Albany, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Wife appeals from a decree of dissolution, contending that the trial court erred in failing to distribute the marital assets equitably in awarding her only $200 a month of support and in failing to award her attorney fees. We modify the decree to eliminate spousal support and to provide the wife with a share of the husband's pension.

The parties separated in August, 1978, after a 38-year marriage. Husband is 65 years old and is retired from the Southern Pacific Railroad. He receives $1,164 per month as a pension from that company. Wife is 62 years old and unemployed. During the marriage, she worked for 23 years as a secretary for the Bureau of Mines, from which she receives a pension of $450 per month. After the parties' separation, she moved to Montana, where she worked as a secretary until returning to Oregon in June, 1982. At the time of the hearing in the trial court, wife was looking for employment.

In distributing the marital assets, the trial court awarded each party a rental property and both parties the family home as tenants-in-common, allowing wife a period in which to purchase the property. In the event that wife did not purchase the property, the proceeds of any sale were to be divided equally. As an additional adjustment, the court awarded wife a monetary judgment against husband's share in the proceeds and awarded each party a savings account and certain personal property.

Wife contends that the trial court erred in (1) rejecting her request to keep the family home, (2) undervaluing certain assets, (3) failing to award her liquid assets and (4) neglecting to consider husband's pension benefits in dividing the marital property and awarding spousal support. Our *de novo* review of the record convinces us that, except insofar as husband's pension is concerned, the trial court divided the marital assets equitably. However, equality cannot be achieved unless his pension is included in the equation.

In a dissolution of a marriage of substantial duration, we attempt to assume that the parties separate on as equal a basis as possible. *Plaster and Plaster,* 55 Or App 700, 639 P2d 1287 (1982). We have repeatedly stated that retirement benefits must be considered in formulating the financial aspects of

a dissolution decree. *Manners and Manners,* 68 Or App 896, 683 P2d 134 (1984); *Salchenberg and Salchenberg,* 53 Or App 744, 633 P2d 35 (1981). In general, a spouse is entitled to share pension rights accumulated during a marriage. *Rogers and Rogers,* 45 Or App 885, 893, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412 (1980), 50 Or App 511, 623 P2d 1108 (1981). Because a pension is a marital asset, the right to a share exists independently of the right to spousal support. *Bogh and Bogh,* 64 Or App 49, 53, 666 P2d 1375 (1983). In this case, husband and wife are receiving pensions of $1164 and $450 per month respectively. An equal distribution of the combined pensions would provide each party with a monthly income of $807. Accordingly, we modify the decree to award wife $357 per month of husband's pension. If husband is required to pay income taxes on wife's share of the pension, he is entitled to deduct from his payments to her a proportionate amount for the taxes attributable to that share, assuming no other income to him. *Doering and Doering,* 71 Or App 101, 691 P2d 120 (1984); *Rogers and Rogers,* 47 Or App 963, 966, 615 P2d 412 (1980).

In the light of the modification, we are convinced that an award of permanent spousal support is inappropriate. The trial court erroneously considered husband's pension as a source of spousal support rather than an asset to be divided between the parties. *See Bogh and Bogh, supra.* In so doing, the court determined that an award of $200 per month would provide wife with a standard of living "not overly disproportionate" to what she enjoyed during the marriage. *Coats and Coats,* 64 Or App 594, 669 P2d 370 (1983). Because the award of $357 from husband's pension will more than adequately fulfill wife's need as perceived by the trial court, we modify the decree to eliminate the award of permanent spousal support.

Decree modified to award wife $357 per month from husband's pension and to eliminate spousal support; affirmed in all other respects.[1] Costs to wife.

---

[1] We have examined wife's assignment concerning attorney fees and conclude that the trial court's resolution of that issue was within its discretion.