709 P.2d 179

**Mary K. AUSTIN, Petitioner,**

v.

**Donald O. AUSTIN, Respondent.**

No. 15823.

Supreme Court of New Mexico.

Nov. 12, 1985.

Burroughs & Rhodes, F. Randolph Burroughs, Alamogordo, for petitioner.

Jack T. Whorton, Alamogordo, for respondent.

## OPINION

STOWERS, Justice.

Mary K. Austin (Mrs. Austin) petitioned this Court on a writ of certiorari to review the judgment of the Court of Appeals. The Court of Appeals partially reversed an order of the district court which stated that Donald O. Austin (Austin) was to pay his ex-wife, Mrs. Austin, 45 percent of his disposable military retirement pay, regardless of whether it was classified as retirement pay or disability retirement pay. The Court of Appeals held that disability retirement pay could not be divided as community property upon dissolution of the marriage; therefore, they remanded the case to the trial court to compute the amount, if any, that is received as retirement income and to allocate 45% of that amount to Mrs. Austin. The Court of Appeals partially reversed the district court order because it believed that the Uniformed Services Former Spouse's Protection Act (Act), 10 U.S.C. Section 1408 (1982 & Supp. II 1984), preempted New Mexico case law. Under New Mexico case law, military disability retirement income is to be divided as community property upon the dissolution of a marriage. *Stroshine v. Stroshine*, 98 N.M. 742, 652 P.2d 1193 (1982). We reverse the Court of Appeals.

In this opinion we address one issue, whether the Act preempts New Mexico community property law which currently treats military disability retirement benefits as community property.

The two provisions of the Act pertinent to this issue are Section 1408(c)(1), which provides:

Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

and Section 1408(a)(4), which provides:

"Disposable retired or retainer pay" means the total monthly retired or retainer pay to which a member is entitled (other than the retired pay of a member retired for disability under chapter 61 of this title) * * *

In the case of *Employees Savings Plan of Mobil Oil Corp. v. Geer*, 535 F.Supp. 1052, 1055 (S.D.N.Y.1982) (quoting *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979)), the court stated:

458

Recent Supreme Court cases have made clear that in order for federal law to preempt state community property laws, the federal law must " 'positively require [ ] by direct enactment' that state law be preempted." Under this standard the state law must not only conflict with the federal law, it must do " 'major damage' to 'clear and substantial' federal interests before the Supremacy Clause will demand that state law be overridden." (Citations omitted.)

In view of the higher standard imposed by the United States Supreme Court, we cannot agree with the Court of Appeals that Section 1408(a)(4) clearly and positively requires that state law be preempted. We acknowledge the situation that the few cases which have construed the Act vary in their holdings. Nevertheless, we agree with the case of *In Re Marriage of Mastropaolo*, 166 Cal.App.3d 953, 213 Cal.Rptr. 26 (1985). In this case, the California court stated:

"Nothing in the Act [referring to the Uniformed Services Former Spouse's Protection Act] nor in case law warrants a conclusion that Congress merely by failing to include disability pay in the definition of 'disposable retired or retainer pay' intended to deprive the state courts of jurisdiction to determine the individual community character of disability retirement pay in family law proceedings."

*Id.*, 166 Cal.App.3d at 961, 213 Cal.Rptr. at 31 (quoting *In re Marriage of Cullen*, 145 Cal.App.3d 424, 429, 193 Cal.Rptr. 590, 592 (1983), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 129 (1984)).

Moreover, in neither Chapter 61, 10 U.S.C.A. Sections 1201–1221 (1983 & West Supp.1985), which deals with retirement or separation for physical disability, or in Chapter 71, 10 U.S.C.A. Sections 1401–1408 (1983 & West Supp.1985), which deals with the computation of pay, is there any indication that Congress intended to prevent state courts from determining the commu-

nity character of military disability retirement benefits in family law proceedings. Therefore, until the United States Supreme Court holds otherwise, we see no reason to overrule *Stroshine v. Stroshine*, 98 N.M. 742, 652 P.2d 1193 (1982).

For the above reasons, the opinion of the Court of Appeals is reversed and the holding of *Stroshine* is reinstated.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, RIORDAN and WALTERS, JJ., concur.