734 P.2d 1283

Laury W. WHITE, Petitioner-Appellant and Cross-Appellee,

v.

Philip J. WHITE, Respondent-Appellee and Cross-Appellant.

No. 8675.

Court of Appeals of New Mexico.

Feb. 26, 1987.

Martin E. Threet, B. Paula Kavanagh, Threet & King, Albuquerque, for petitioner-appellant and cross-appellee.

Ann Steinmetz, Albuquerque, for respondent-appellee and cross-appellant.

## OPINION

GARCIA, Judge.

Both petitioner and respondent appeal from a final decree of dissolution of marriage. Petitioner (wife) raises the following issues: 1) whether the trial court erred in failing to provide a dollar equalization for the community personal property divided by stipulation; 2) whether the trial court's analysis in determining the dollar figure of wife's interest in certain retirement pay was proper; 3) whether the trial court's award of child support was erroneous; 4) whether the trial court's determination as to the separate character of certain property was supported by substantial evidence; 5) whether the trial court erred in failing to award wife a share of the community income from the date of filing the petition for dissolution of marriage to the date of entry of the final decree; 6) whether the trial court erred in refusing to find a community debt to wife's mother; 7) whether the trial court erred in failing to find that Sandia Airways was a community

asset, or in the alternative, that the community was entitled to reimbursement for the value of husband's services in establishing, promoting and maintaining the corporation; and 8) whether the trial court abused its discretion in its award of attorney fees.

On cross-appeal, respondent (husband) raises the following issues: 1) whether the Uniformed Services Former Spouses' Protection Act requires that the parties be married for ten years during the active service of the military spouse before that spouse's retirement pay can be considered community property; 2) whether the trial court erred in holding that the residence of the parties was community property; 3) whether child support should be based on net monthly income; 4) whether the award of custody of the minor child was in error; 5) whether the trial court's award of attorney fees to wife was proper; and, 6) whether the trial court erred in failing to account for $1,500 husband was ordered to pay wife as an advance on her community property distribution. We affirm in part and reverse and remand in part.

## FACTS

There are numerous issues advanced by the parties, and a full factual recitation of each would be unduly lengthy. Many of the parties' contentions may be resolved summarily. Accordingly, we limit our discussion to the salient facts.

We note that the Honorable Rozier Sanchez tried the case and entered findings. Thereafter, the Honorable Anne Kass signed the judgment and heard and ruled on post-judgment motions.

## DISCUSSION

### WIFE'S ISSUES

### ISSUE NO. 1: Equalization of Division of Property

Prior to trial, the parties agreed to divide their personal property. They executed a partial marital settlement agreement apportioning the bulk of their personalty without assigning any fixed value to the items of property. The trial court divided the remaining assets equally between the parties. Wife contends that the full value of husband's award, including the items divided by stipulation, greatly exceeds the value of her share of the property. This issue is without merit. In the absence of fraud, a stipulation entered into a divorce case is enforceable. *Harkins v. Harkins*, 101 N.M. 296, 681 P.2d 722 (1984); *Barker v. Barker*, 93 N.M. 198, 598 P.2d 1158 (1979). The stipulation entered into by the parties in this case was clear and unambiguous. No valuations or conditions of set-off were discussed within the four corners of the document. For that reason, the trial court need not have provided a dollar equalization to correct an inequity that resulted from the community personalty distribution to which the parties stipulated.

### ISSUE NO. 2: Military Retirement

Husband is retired from the military and draws retirement benefits. He was married to wife for eight of his 27 years of military service. The court determined that wife was entitled to half of $8/27$ths of husband's non-disability retirement benefits. The parties do not challenge the court's retirement equation, but dispute whether wife's share should be based on husband's gross or net disposable pay. Husband's deductions totaled $583.00, and included items such as federal tax, life insurance, disability retirement, allotment and a survivors' benefit plan.

Wife convincingly argues that division of net benefits, rather than gross, places her at a significant economic disadvantage. For example, she notes that the methodology utilized by the trial court allows husband to deduct federal withholding prior to figuring wife's share of retirement. Since the amount wife will receive is a deductible amount to husband and yet taxable to her, she in effect pays two sets of federal taxes: a portion based on the amount withheld from husband's retirement check and taxes on the amount she receives individually.

Wife urges us to find that the trial court erred in basing the award of her community property share of husband's military retirement pay on net rather than gross benefits.

■ In dividing the interests of the parties in the community property, the court is required to consider the tax consequences of its allocation of property. *Cunningham v. Cunningham,* 96 N.M. 529, 632 P.2d 1167 (1981). This is true unless the tax consequences are speculative. *See Mattox v. Mattox,* 105 N.M. 479, 734 P.2d 259 (Ct.App.1987).

Husband contends on appeal that under the Federal Uniform Services Former Spouses' Protection Act (FUSFSPA), New Mexico trial courts can declare a community property interest in only a portion of military retirement pay: that part defined as disposable. *See* U.S.C. § 1408(C)(1) (1982). In particular, he relies on the language of Section 1408(c)(1), which states: "[s]ubject to the limitations of this section, a court may treat disposable retired or retainer pay * * * as property of the member and his spouse in accordance with the law of the jurisdiction * * *"

While this is an issue of first impression in New Mexico, we are impressed with the equitable approach taken in a similar case by the California Supreme Court. In *Casas v. Thompson,* 42 Cal.3d 131, 228 Cal. Rptr. 33, 720 P.2d 921 (1986) (en banc), the court sought to avoid the unfair and disparate treatment that affects the non-military spouse when the division of retirement pay is based on net rather than gross benefits. There, the court said in part:

Assuming we reject his other arguments, Max [military husband] relies on Section 1408(a)(4) and (c)(1) to argue that California can only declare a community property interest in a portion of his retirement pay; that part which is defined as "disposable." In essence, the "disposable" retirement pay is the gross pay less statutorily specified deductions which, except for the retiree's individual withholding tax liability, are under the direct or indirect control of the retiree, and will significantly vary among retirees with the same gross retirement pay * * *

We find Max's proposition illogical. Applying his theory, former spouses whose community property interests were acquired over exactly the same time period, whose military retiree spouses receive exactly the same gross retirement benefits, are subject to receiving different sums if, for example, their respective spouses are in different tax brackets, or if one understates his dependents, or if one commits torts against the government or incurs other indebtednesses to it for which the ex-spouse bears no liability. We can conceive of no legitimate governmental interest, nor has Max suggested any, which would rationally support such disparate treatment. *Id.,* 228 Cal.Rptr. at 40–41, 720 P.2d at 928–929.

We also agree with the California Supreme Court's analysis of husband's argument that FUSFSPA limits the New Mexico trial courts in dividing military pay. In *Casas v. Thompson,* that court concluded that the statute was not intended and did not operate to affect the characterization of retirement pay; the court concluded, and we agree, that characterization of retirement pay is a state law question. *See also Austin v. Austin,* 103 N.M. 457, 709 P.2d 179 (1985). The court in *Casas* analyzed Section 1408(c)(1) as follows:

We read section 1408(c)(1) as being aimed at an entirely different proposition. Direct payments were not available to ex-spouses for judgments awarding marital property interests against military retirement pay before the enactment of FUSFSPA. Section 1408 is primarily devoted to establishing a scheme to permit the ex-spouse to "garnish" retirement pay and, at the same time, to afford the military retiree similar protections previously given other retired federal employees by limiting the amount of funds subject to garnishment.

228 Cal.Rptr. at 43–44, 720 P.2d at 931–32.

■ For these reasons, we conclude that FUSFSPA is not inconsistent with a divi-

sion of gross, rather than disposable, military retirement pay. *See also Bullock v. Bullock*, 354 N.W.2d 904 (N.D.1984); *Deliduka v. Deliduka*, 347 N.W.2d 52 (Minn. App.1984). Because the characterization of military retirement pay is a state law question, and because the trial court apparently understood FUSFSPA limited its division of retirement pay, we will remand to permit the trial court to reconsider the division of respondent's military retirement pay.

By adopting California's equitable approach, we do not mean to foreclose a trial court from authorizing appropriate deductions when the failure to do so would work an injustice or would be inequitable. For example, it would be unfair to disallow a deduction for sums withheld from the military retiree's benefits for an IRS tax lien imposed against the community prior to the dissolution of marriage. Moreover, if husband is required to pay income taxes on wife's share of the retirement benefits, he is entitled to deduct from his payments to her a proportionate amount for taxes attributable to that share, assuming no other income to him. *See Hutcheson v. Hutcheson*, 71 Or.App. 541, 693 P.2d 50 (1984); *Doering v. Doering*, 71 Or.App. 101, 691 P.2d 120 (1984).

We do not establish a fixed, inflexible rule mandating division of gross benefits, but rather, adopt the view, as in *Casas*, that the court's division of benefits should treat both parties fairly and equitably. We reverse the trial court's decision to divide only the net disposable benefits and remand for a redetermination of wife's share of the retirement.

ISSUE NO. 3 and HUSBAND'S ISSUE NO. 3: Child Support

We discuss both issues here because of their similarity.

■ Wife complains that the child support awarded by the trial court was less than that contemplated by the Child Support Guidelines. An award of child support is within the sound discretion of the trial court. *Spingola v. Spingola*, 91 N.M. 737,

580 P.2d 958 (1978). The Child Support Guidelines are merely guidelines, not rigid amounts which must be awarded regardless of other factors. *Henderson v. Lekvold*, 99 N.M. 269, 271, 657 P.2d 125, 127 (1983). The parties' stipulation to use the Child Support Guidelines cannot rob the court of its authority to set child support at an amount the court determines to be fair, taking into account all of the *Spingola* facts, even if that amount is higher or lower than that suggested by the parties. *See Hopkins v. Guin*, 105 N.M. 459, 734 P.2d 237 (Ct.App.1986).

■ An additional problem here, however, is that the amount of child support specified in the trial court's findings of fact and conclusions of law differs from that contained in the final decree. Generally, "[w]hen a finding supported by substantial evidence conflicts with an opinion, the finding prevails." *Roybal v. Chavez Concrete & Excavation Contractors, Inc.*, 102 N.M. 428, 430, 696 P.2d 1021, 1023 (Ct.App.1985). Nevertheless, because we remand this case for a redetermination of the retirement benefits, the trial court may also resolve the conflict between the amount of support specified in its finding and that indicated in the final decree. The trial court is in the best position to resolve the inconsistency and determine which was the intended figure.

■ Husband's argument that wife's portion of the military retirement should be deducted before the trial court sets child support is without merit. We take judicial notice of the Bernalillo County Child Support Guidelines, *see Spingola*, and note that they contemplate only state and federal tax, social security deductions, hospitalization (if children are included) and union dues. Additionally, the trial court may accept or reject deductions in its discretion. *See Luxton v. Luxton*, 98 N.M. 276, 648 P.2d 315 (1982).

ISSUE NO. 4: Separate Property

■ Where findings of fact are supported by substantial evidence, refusal to

make contrary findings is not error. *Fierro v. Murphy*, 85 N.M. 179, 510 P.2d 112 (Ct.App.1973). In this case, the trial court found that a cash management account, an automobile, a Cessna aircraft and Sandia Airways were husband's sole and separate property. The management cash account was established prior to the marriage and there was evidence that money accumulated in that account prior to the marriage was used to purchase the other items. We recognize that contrary evidence favoring wife's view was presented on this issue, but the existence of that evidence does not benefit her. Our task on appellate review is to determine whether substantial evidence supports the trial court's findings. *McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968). Consequently, since there was evidence from which the court could find that the source of funds used to acquire these items was separate property, wife has not demonstrated reversible error.

ISSUES NO. 5, 6 and 7: Failure to Award Community Income for a Period Prior to Entry of the Final Decree, to Find a Specific Debt and to Order Reimbursement

■ In these three issues, wife asks us to make factual determinations contrary to those found by the trial court. This we will not do. It is not our function to weigh the evidence or its credibility, and we will not substitute our judgment for that of the trial court as to the facts established by the evidence, so long as the findings are supported by substantial evidence. *Getz v. Equitable Life Assurance Society of United States*, 90 N.M. 195, 561 P.2d 468 (1977). Consequently, these issues have no merit.

ISSUE NO. 8: Attorney Fees

■ "Determination of whether to grant an award of attorney fees or the amount of the award rests within the sound discretion of the trial court." *Berry v. Meadows*, 103 N.M. 761, 770, 713 P.2d 1017, 1026 (Ct.App.1986). Here, wife was awarded $7,000 in attorney fees. In view

of the size of the community estate and the distribution of community assets received by the wife, we do not see the trial court's attorney fee award as an abuse of discretion.

HUSBAND'S ISSUES ON CROSS-APPEAL

ISSUE NO. 1: Uniformed Services Former Spouses' Protection Act

■ Husband's claim of error is resolved by our decision in *Pacheco v. Quintana*, 105 N.M. 139, 730 P.2d 1 (Ct.App. 1986). There, we held that the ten-year requirement referred to in 10 U.S.C. Section 1408(d) (West 1983), was simply a requirement for direct payments to be made by the Secretary of Defense to the non-military spouse. It does not bar a spouse's claim for benefits if the parties were married for less than ten years of the military spouse's service.

ISSUE NO. 2: Communal Residence

■ Property acquired during marriage is presumed to be community property. NMSA 1978, § 40-3-12 (Repl.1986). Here, both parties' names appear on the warranty deed and no evidence was offered of an intent to make the residence separate property. *Campbell v. Campbell*, 62 N.M. 330, 310 P.2d 266 (1957). *See Wiggins v. Rush*, 83 N.M. 133, 489 P.2d 641 (1971). The contestant asserting the separate character of property has not only the burden of going forward with the evidence, but of establishing separate ownership by a preponderance of the evidence. *Campbell.* The trial court was not in error in determining that husband failed to meet this burden of proof. *Mitchell v. Mitchell*, 104 N.M. 205, 719 P.2d 432 (Ct.App.1986). Since income earned during marriage is community property, *see* Section 40-3-8(B), payments on the residence made from husband's military pay or retirement pay were community payments. Husband relies on the fact that both parties agreed the down payment for the residence came from an

account that the trial court found to be separate property. He contends, further, that the evidence showed each time the parties purchased a residence during marriage, the down payment came from that account. However, the evidence also showed regular deposits of $500 from military pay of retirement income into that account. In addition, there was no evidence of how value should have been apportioned between community and separate property each time the parties sold a residence during the period of the marriage. *See Dorbin v. Dorbin*, 105 N.M. 263, 731 P.2d 959 (Ct.App.1986). Under these circumstances, there was substantial evidence to support the trial court's characterization of the residence.

 Husband also argues that the trial court erred in determining the fair market value of the residence. We disagree. The trial court found the residence to be worth $155,000. A market analysis set the market value of the property at a minimum of $155,000 and a maximum of $159,000. Wife testified that, in her opinion, the analysis was fair. An owner of property is competent to give opinion testimony concerning the value of that property. *Lahr v. Lahr*, 82 N.M. 223, 478 P.2d 551 (1970). The trial court resolves factual disputes and was free to accept the valuation testimony it found to be most credible. Consequently, there was substantial evidence from which the trial court could determine the value of the residence to be $155,000.

### ISSUE NO. 4: Child Custody

 Husband's argument that the trial court had no evidence upon which to base its custody award is erroneous. The court accepted, by stipulation of the parties, a court clinic evaluation recommending that interim custody be awarded to wife. Further, the trial court considered in camera testimony by the child that dealt with custody and visitation issues. A custody award will only be overturned on a showing of a clear abuse of discretion. *Martinez v. Martinez*, 101 N.M. 493, 684 P.2d

1158 (Ct.App.1984). We cannot say that it was an abuse of discretion for the trial court to make a permanent custody award rather than leave the matter pending and unresolved. Moreover, the trial court maintains jurisdiction to modify the award if circumstances should so require. *Cf. Strosnider v. Strosnider*, 101 N.M. 639, 686 P.2d 981 (Ct.App.1984).

### ISSUE NO. 5: Award of Attorney Fees

 Husband does not contest the award of fees but asserts the trial court erred in awarding fees to wife's attorneys rather than to wife. The trial court's award of attorney fees was proper. The final decree indicates that the award was to wife, while simply directing that the fees be paid to her attorneys. This was appropriate. Wife's attorneys in this case did not acquire an independent right in the judgment. *Compare Lloyd v. Lloyd*, 60 N.M. 441, 292 P.2d 121 (1956) (improper award because payment of attorney fees was awarded to attorney rather than to wife).

### ISSUE NO. 6: Failure to Account for a Pre-divorce Distribution

Husband failed to raise this issue in his docketing statement and, therefore, we will not consider it here. *State v. Jacobs*, 91 N.M. 445, 575 P.2d 954 (Ct.App.1978).

### SUMMARY

We affirm as to all issues, with the exception of wife's issues 2 and 3. On issue 2, we reverse and remand with instructions to the trial court to redetermine wife's share of retirement benefits. We further remand issue 3 to the trial court to resolve the conflict between its findings concerning child support and its award in the final decree. Petitioner and respondent shall be responsible for their own costs and fees.

IT IS SO ORDERED.

DONNELLY, C.J., and MINZNER, J., concur.