790 P.2d 1055
**Norma R. TOUPAL,**
**Petitioner–Appellee,**

v.

**Henry G. TOUPAL,**
**Respondent–Appellant.**

No. 11987.

Court of Appeals of New Mexico.

March 8, 1990.

Certiorari Denied April 17, 1990.

Robert G. Marcotte, Albuquerque, for petitioner-appellee.

Joseph William Reichert, Albuquerque, for respondent-appellant.

## OPINION

BIVINS, Chief Judge.

This is a community property case. The parties were divorced in 1977. In 1987, after the passage of the Uniformed Services Former Spouses Protection Act (USFSPA), 10 U.S.C. § 1408 (1982), and pursuant to NMSA 1978, Section 40-4-20 (Repl. 1986), the trial court issued a judgment dividing husband's previously undivided military retirement benefits, including disability retirement benefits, as community property. Husband appealed the court's judgment and this court affirmed. Subsequently, the United States Supreme Court decided that the USFSPA preempts states from treating military disability retirement benefits as community property. *Mansell v. Mansell,* — U.S. —, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). Husband then moved to modify the trial court's decision and, in a separate motion, to reopen the decision pursuant to SCRA 1986, 1-060(B). The trial court denied husband's motions, and husband appeals. The question before us is whether *Mansell* should be given retroactive effect to modify the trial court's 1987 judgment. We decline to give *Mansell* such effect.

We follow clear New Mexico Supreme Court precedent in making our determination. In 1981, the United States Supreme Court held that state community property principles were preempted by federal statutes governing military retirement pay, and that states could not treat such pay as community property. *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (superseded by the USFSPA). Following that decision, a number of retired military pensioners whose divorces had become final prior to *McCarty* filed motions for relief from those final decrees. *See Whenry v. Whenry,* 98 N.M. 737, 652 P.2d 1188 (1982). Our supreme court was faced, in *Whenry,* with the question of whether *McCarty* should be given retroactive effect, which might have allowed the retirees to reopen the judgments. The court refused to apply *McCarty* retroactively. *Id.*

The supreme court's refusal was based on a three-pronged analysis applicable to the question of retroactivity of decisions made by a court. The court reasoned as follows: (1) *McCarty* established new law by overruling prior cases from New Mexico and other states treating military retirement as community property; (2) refusing to give *McCarty* retroactive effect would not significantly affect the purposes furthered by that opinion; and (3) retroactive application would have an adverse impact on the judicial system and could work significant hardship on spouses forced to repay retirement payments they had received prior to the *McCarty* decision. *Id.*

As an alternative ground for decision, the supreme court held that the res judicata effects of judgments that had become final prior to *McCarty* were not altered by the fact that the judgments rested on New Mexico case law subsequently overruled by *McCarty*. *Id.* In sum, the supreme court ruled that retirees whose divorces had become final prior to the *McCarty* decision could not reopen the judgments based on that decision.

This case is analogous to the fact situation presented in *Whenry*. The judgment dividing husband's military retirement as community property became final before the *Mansell* decision. After *Mansell* was issued, husband moved to reopen the order pursuant to Rule 1–060(B). Therefore, only retroactive application of *Mansell* could provide husband the relief he seeks. As in *Whenry*, however, the law applicable to this question militates against a finding of retroactivity.

We begin by noting that nothing in the *Mansell* opinion mandates that it be given retroactive application. Absent such a mandate, we apply the same factors as those applied in *Whenry*. First, *Mansell* created new law by overruling prior New Mexico cases holding that disability retirement pay may be treated as community property. *See Austin v. Austin,* 103 N.M. 457, 709 P.2d 179 (1985); *White v. White,* 105 N.M. 600, 734 P.2d 1283 (Ct.App.1987). In fact, *Mansell* overruled a decision of this court specifically applicable to husband, challenging the judgment that treated his disability pay as community property. Second, the *Mansell* decision did not espouse any legitimate governmental interest to be served by preventing states from treating disability retirement as community property, so refusal to give the decision retroactive effect will not impinge on any important purpose furthered by the decision. *See White v. White* (agreeing with California case's statement that no legitimate governmental interest could be served by adopting *Mansell*-type position). Third, if *Mansell* is applied retroactively, the judicial system will be faced with the possibility of dealing with Rule 1–060(B) petitions from all military retirees whose divorces became final after 1981 and whose disability retirement payments were treated as community property. Ex-spouses who have been receiving such payments, in reliance on established New Mexico case law, will face the prospect of repaying those amounts with diminished resources. Ample grounds exist in this case to avoid the injustice and hardships which would result from retroactive application of *Mansell*.

The doctrine of res judicata provides an equally viable alternative ground for decision in this case, as it did in *Whenry*. Res judicata effects of a decision are not altered by the fact that the decision rests on case law overruled in a later case. *See Whenry v. Whenry*. This doctrine applies to United States Supreme Court opinions interpreting federal statutes, as well as to other types of opinions. *See United States v. Estate of Donnelly,* 397 U.S. 286, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970) (giving retroactive effect to a decision interpreting a federal statute, but stating that such a result would not occur in cases in which parties are bound to a contrary result by a final judgment). The trial court's decision apportioning the retirement benefits, including the disability retirement benefits, constitutes a final decision that should be given res judicata effect under the authority of *Whenry* and *Estate of Donnelly*.

■ Husband argues the issue in this case is not retroactivity, because the trial

court's decision applies to disability payments he is required to make post-*Mansell* as well as to the payments he made pre-*Mansell*. We note, however, that in his motion for modification of the decree, husband requested that wife be ordered to reimburse him for all disability benefits paid to her as community property, including amounts paid prior to the *Mansell* decision. In addition, husband's argument fails because modifying the decree at this point would require the court to apply *Mansell* to the final judgment, issued before *Mansell* was decided, establishing that husband's disability retirement payments are community property. This is the essence of retroactive application of the *Mansell* decision and would run afoul of the retroactivity and res judicata principles discussed above. The mere fact that payment of this item of community property is to be made in a series of payments stretching beyond the date of the *Mansell* decision does not change the analysis. *Whenry v. Whenry.*

Pursuant to the foregoing, we affirm the trial court's refusal to modify the judgment issued in this case.

IT IS SO ORDERED.

DONNELLY and HARTZ, JJ., concur.