This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LARRY WEATHERWAX,**

Plaintiff-Appellant,

**v.**                                                    **No. A-1-CA-36164**

**THE CITY OF ALAMOGORDO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James W. Counts, District Judge**

Davie, Valdez & McElroy, P.C.
Jeffery McElroy
El Paso, TX

for Appellant

Brennan & Sullivan, P.A.
Christina L. Brennan
James P. Sullivan
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Larry Weatherwax (Plaintiff) appeals from the district court's order granting summary judgment in favor of City of Alamogordo (Defendant). We previously issued a notice of proposed summary disposition in which we proposed to reverse the district court's decision. Defendant has filed a memorandum in opposition. After due consideration, we are unpersuaded. We therefore reverse.

{2} The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3} Defendant argues that our decision in *Garcia v. Hatch Valley Public Schools*, 2016-NMCA-034, 369 P.3d 1, should not apply retroactively so as to determine the outcome of this appeal. [MIO 2-4] Civil decisions are presumed to apply retroactively unless the opinion expressly directs otherwise or if there is a "sufficiently weighty combination of one or more of the *Chevron Oil* factors." *Beavers v. Johnson Controls World Servs., Inc*, 1994-NMSC-094, ¶ 22, 118 N.M. 391, 881 P.2d 1376; *see also Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07 (1971), *overruled on other grounds by Harper v. Va. Dep't of Taxation*, 509 U.S. 86 (1993) (listing the *Chevron Oil* factors). These factors are:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants must have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed[.] Second, we must

weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. Finally, we . . . weigh[] the inequality imposed by retroactive application, for where a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the injustice or hardship by a holding of nonretroactivity.

*Id.* (internal quotation marks and citations omitted); *Whenry v. Whenry*, 1982-NMSC-067, ¶ 7, 98 N.M. 737, 652 P2d 1188 (same). Without providing a citation to supporting authority, Defendant asserts that "[w]hen Plaintiff's [c]omplaint was filed and throughout the discovery in this case, the heightened standard applied to reverse discrimination cases under the New Mexico Human Rights Act [(NMHRA)]." [MIO 3] We disagree. As we stated in *Garcia*, "For claims of unlawful discrimination [under the NMHRA, our Supreme] Court has used the burden shifting methodology set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792[.]" *Garcia*, 2016-NMCA-034, ¶ 8. *Garcia* merely reaffirmed the use of that methodology, without overruling any controlling New Mexico precedent. *Id.*, ¶ 43. *Garcia* further commented that rejection of the heightened standard of proof in reverse discrimination cases "is consistent with current United States Supreme Court precedent" and further relied on New Mexico Supreme Court precedent holding that "the first prong of a prima facie case of discrimination could be satisfied upon a showing that the plaintiff is a member of [a] *protected group*." *Id.* ¶¶ 39, 42 (internal

3

quotation marks and citation omitted). Therefore, while *Garcia* addressed an issue of first impression in New Mexico, we do not agree with Defendant's bare assertion that its "resolution . . . was not clearly foreshadowed[.]" [MIO 3]

{4}    As to the second and third factors, Defendant—without providing any supporting authority— argues that they weigh against retroactivity because "the effect of *Garcia* remains unclear[.]" [MIO 4] Specifically, Defendant argues that our Supreme Court has granted certiorari review, and therefore "it is presently unclear whether the standard articulated by [this Court] will remain the law." [MIO 4] Defendant further asserts that it "remains unclear if *Garcia*, . . . [a reverse *racial* discrimination case,] will be extended to reverse gender discrimination cases such as the instant litigation." [MIO 4] We are unpersuaded. Under the second factor, the relevant inquiry is whether retroactivity will further *Garcia*'s clear aim of treating historically advantaged plaintiffs equally with historically disadvantaged plaintiffs, a question we answer in the affirmative; the fact that our Supreme Court has granted certiorari review has no bearing on this inquiry. As to Defendant's other point, *Garcia* relied on a definition of "reverse discrimination" as "the practice of giving unfair treatment to a group of people who have traditionally been privileged in an attempt to be fair to the group of people unfairly treated in the past." *Id.* ¶ 16 (quoting *Black's Law Dictionary* 567 (10th ed. 2014). That definition applies to reverse gender

4

discrimination claims, and we find nothing in *Garcia* to indicate that its holding was limited to reverse racial discrimination claims. For the same reasons, we fail to see how retroactive application of *Garcia* will result in "substantial inequitable results." *Beavers*, 1994-NMSC-094, ¶ 23. Therefore, we hold that the presumption of retroactivity has not been overcome with respect to *Garcia.*

{5} In addition, Defendant argues that this Court should apply the right-for-any-reason doctrine and find that summary judgment was proper even under the usual *McDonnell Douglas* standard. [MIO 5] We decline to do so, however, because the district court did not rule upon Defendant's motion to strike Plaintiff's affidavit submitted in response to Defendant's motion for summary judgment. [RP 170, 189] Defendant argued below that the affidavit "creat[ed] a sham issue of fact" [RP 171] Clearly, the outcome of that motion would affect summary judgment under the proper *McDonnel Douglas* standard. *See, e.g., Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 ("Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law."). Further, we have previously held that, "[a]bsent a motion to strike or an objection to affidavits on summary judgment, any formal defects in the affidavits are deemed waived." *Reynolds v. Swigert*, 1984-NMCA-086, ¶ 31, 102 N.M. 504, 697 P.2d 504. *Reynolds* demonstrates that there is a clear preference that

5

such issues are to be determined by the district court. Therefore, we decline to address the admissibility of Plaintiff's affidavit for the first time on appeal or to apply the right-for-any-reason doctrine under these circumstances.

{6}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we reverse.

{7}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**HENRY M. BOHNHOFF, Judge**