**Certiorari Granted, No. 31,546, March 24, 2009**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-035**

**Filing Date:  January 12, 2009**

**Docket Nos. 28,072 and 28,073 (consolidated)**

**ROBERT GOMEZ,**

> **Plaintiff-Appellant,**

**v.**

**GARY CHAVARRIA,**

> **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Robert E. Robles, District Judge**

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Montgomery & Andrews, P.A.
Paul E. Houston
Brian T. Judson
Sharon T. Shaheen
Albuquerque, NM

for Appellee

**OPINION**

**SUTIN, Chief Judge.**

**{1}**     Plaintiff Robert Gomez appeals from two judgments dismissing his claims with prejudice in two separate actions against Defendant Gary Chavarria.  The district court in each action determined that Plaintiff's claims were barred by the applicable statute of

limitations, NMSA 1978, § 37-1-8 (1976), and that the one-year extension granted to minors in NMSA 1978, Section 37-1-10 (1975) did not save the actions. The issues are the same in both actions. Plaintiff asserts that the district court misapplied Sections 37-1-8 and 37-1-10. We disagree and affirm.

## BACKGROUND

**{2}** In his action filed on March 29, 2007, Plaintiff alleged that on February 13, 2004, he was sixteen years old and was injured in a vehicle collision caused by Defendant. In his action filed on April 24, 2007, Plaintiff alleged that on April 23, 2004, he was seventeen years old and was again injured in another vehicle collision caused by Defendant. Plaintiff turned eighteen on April 2, 2005.

**{3}** Defendant moved for judgment on the pleadings in both actions based on the bar of Section 37-1-8. In response, Plaintiff argued that his claims and the three-year limitations period in Section 37-1-8 were tolled until he reached age eighteen, and that additionally, under Section 37-1-10, the limitations period was also tolled for another year after he reached eighteen. Based on the theory that, under Sections 37-1-8 and 37-1-10, "a minor is afforded the general statute of limitations of three years plus one year (per tolling)," Plaintiff argued that the limitations period would not expire until February 13, 2008, in the first action and April 23, 2008, in the second action, "or until his birthday of April 2, 2008[,] since the tolling provision seemingly provides for both dates."

**{4}** The district court disagreed with Plaintiff and dismissed both actions with prejudice. Plaintiff raises three issues on appeal. First, Plaintiff contends that pursuant to minority/disability tolling principles and Section 37-1-10 he is allowed four years from the accrual dates within which to file the actions. Second, he contends that an interpretation of Section 37-1-10 to the contrary "would constitute a new rule that should not be applied to him retroactively." Third, he contends that the district court's interpretation of Section 37-1-10 violated his equal protection rights and his substantive due process rights under the United States Constitution.

## DISCUSSION

**{5}** The limitations period under Section 37-1-8 is three years. Section 37-1-10 states: "The times limited for the bringing of actions by the preceding provisions of this chapter shall, in favor of minors and incapacitated persons, be extended so that they shall have one year from and after the termination of such incapacity within which to commence said actions."

**{6}** We first address the deadline for filing the actions. We review issues of statutory construction de novo. *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61; *Morgan Keegan Mortgage Co. v. Candelaria*, 1998-NMCA-008, ¶ 5, 124 N.M. 405, 951 P.2d 1066. We also address what constitutes a reasonable time extension and

cut-off date for filing actions under case law, and this issue involves the application of law to facts and requires a de novo review. *Garcia v. Jeantette*, 2004-NMCA-004, ¶ 15, 134 N.M. 776, 82 P.3d 947. We next address the issue of retroactive application of rules, which we also review de novo. *Padilla v. Wall Colmonoy Corp.*, 2006-NMCA-137, ¶ 7, 140 N.M. 630, 145 P.3d 110. Finally, we address Plaintiff's constitutional arguments, and we review those issues de novo as well. *ACLU of N.M. v. City of Albuquerque*, 2006-NMCA-078, ¶ 10, 139 N.M. 761, 137 P.3d 1215.

**Deadline for Filing Actions**

**{7}** The three-year limitations period in Section 37-1-8 begins to run against both adults and minors when the cause of action accrues. *Slade v. Slade*, 81 N.M. 462, 466, 468 P.2d 627, 631 (1970). It is quite clear from a plain reading of Section 37-1-10 that, when the three-year limitations period in Section 37-1-8 runs its full course during minority status, Section 37-1-10 gives the minor a year from his or her eighteenth birthday within which to sue. It is not clear, however, what happens when the three-year limitations period ends after the minor reaches age eighteen.

**{8}** With respect to his first action, Plaintiff reached eighteen a little over a year after the date of the accrual of the first cause of action, February 13, 2004, the date of the first accident. When he reached eighteen, he had almost a year and ten months within which to sue before the Section 37-1-8 three-year limitations period ended on February 13, 2007. With respect to his second action, Plaintiff reached eighteen a little short of one year after the accrual of the second cause of action, April 23, 2004, the date of the second accident. When he reached eighteen, he had a little more than two years within which to sue before the Section 37-1-8 three-year limitations period ended on April 23, 2007.

**{9}** On appeal, Plaintiff argues that it is to be assumed "that the minority years are 'lost years' in terms of ability to act on one's own behalf." He argues that because the time between the accidents and his eighteenth birthday was approximately one year, he "'suffer[ed]' from incapacity by way of his minority" and "effectively 'lost' one year, a period of time when, legally, he was not considered able to assert or even understand his rights under the law." He asserts that "[t]he logical interpretation of the statute is that [he] had a one-year period following his eighteenth birthday during which the statute of limitations was tolled." In attempting to piece together Plaintiff's arguments, we understand him to say that the "lost year," was a one-year period of tolling, which should be added onto the three-year limitations period so as to extend that period a year beyond the dates of February 13, 2007, and April 23, 2007, to February 13, 2008, and April 23, 2008, thereby bringing him within a permissible limitations period. Nothing in the statutes or case law, however, supports Plaintiff's arguments.

**{10}** The intent of the Legislature in enacting Section 37-1-10 was to give minors a reasonable period of time after reaching majority within which to file an action. *See State v. Gutierrez*, 2007-NMSC-033, ¶ 30, 142 N.M. 1, 162 P.3d 156 ("The plain language of the

statute is the primary indicator of legislative intent, so we look first to the words the Legislature used and their ordinary meaning."). Section 37-1-10 constitutes a legislative statement of policy that once a minor reaches majority he or she must have a reasonable period of time within which to file an action in the face of an early expiration of the applicable statute of limitations. The real issue here is whether Plaintiff had a reasonable period of time after he reached eighteen within which to file his actions to avoid the bar of the Section 37-1-8 limitations period. We hold that he did.

**{11}** In both actions, Plaintiff had more than a full year after he reached eighteen within which to sue before the three-year limitations period in Section 37-1-8 ran its course. Plaintiff's arguments provide no basis upon which to hold that he had or needed longer than the date of expiration of the three-year limitations period within which to file his actions. Furthermore, if the three-year limitations period had ended on a date less than one year from Plaintiff's eighteenth birthday, we think that the intent underlying Section 37-1-10 would allow a full year following his eighteenth birthday for filing. Section 37-1-10 sets a standard that one year is a reasonable period of time for suit once minors reach the age of majority. No case exists in New Mexico law that indicates that a maximum of one year, under the circumstances here, would be unreasonable. We agree with Defendant's view of the statutes: "A minor's lawsuit for personal injury is not barred until one year after the minor reaches the age of majority or until three years after the accident—whichever computation of time gives the injured minor the most time to act." We conclude that Plaintiff had a reasonable time and opportunity in the year following his eighteenth birthday to file his actions. He also had a reasonable time and opportunity to file his actions before the three-year limitations period expired. We therefore hold that the district court did not misconstrue or misapply the statute of limitations.

**Retroactive Application**

**{12}** Plaintiff contends that a holding that his actions were barred under Section 37-1-8 "would constitute a new rule that should not be applied to him retroactively." Plaintiff cites *Whenry v. Whenry*, 98 N.M. 737, 739, 652 P.2d 1188, 1190 (1982), which states that for a court decision to be applied prospectively, the decision "must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." (Internal quotation marks and citation omitted.) Plaintiff argues that the district court's ruling created a new rule of law because there is nothing in any precedent or case law that clearly foreshadowed an answer to the applicability of the statutes to the circumstances here and because "this particular issue of statutory interpretation is apparently an issue of first impression." We disagree and hold that the statutory bar applies to Plaintiff.

**{13}** As a preliminary matter, in his argument on this issue Plaintiff asserts that his trial attorney relied on the interpretation of the statutes that Plaintiff now presents on appeal and that the attorney filed the actions "almost one full year prior to what he believed [was] the applicable deadline." Plaintiff asks this Court to apply our holding prospectively only so as

4

not to punish him "for his attorney's reasonable mistake as to the meaning of a previously unconstrued statute." Assuming, without deciding, that the statements of the attorney's reliance and belief might be material to the analysis of the issue before us, we will not consider the statements. Plaintiff's brief is devoid of any citation to the record indicating where Plaintiff presented these reliance and belief facts to the district court. We will not search the record for evidence to support a party's argument. *In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992). Where a party fails to cite any portion of the record to support its factual allegations, an appellate court need not consider its argument on appeal. *Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 114 N.M. 103, 108, 835 P.2d 819, 824 (1992).

**{14}** On the merits of the issue, we note that, in *Slade,* our Supreme Court stated:

> Statutes of limitation begin to run against everyone, including minors, when the cause of action accrues, and tolling statutes only extend the time for completing the bar of the statute so that the minor shall have an opportunity to act for himself after the disability caused by his minority has been removed.

81 N.M. at 466, 468 P.2d at 631. We note, too, it is established in New Mexico that a litigant's right to sue cannot be cut off by an unreasonably short limitations period. A party must be given a reasonable time to enforce his claims. *Terry v. N.M. State Highway Comm'n*, 98 N.M. 119, 122, 645 P.2d 1375, 1378 (1982). Given what we believe is the only reasonable construction of the statutes at issue here, we hold that the elements in *Whenry* based on which retroactive application is forbidden are not met. *See Whenry*, 98 N.M. at 739, 652 P.2d at 1190. The foregoing language from *Slade* and established case law mandating a reasonable time to enforce a claim, together with the intent underlying Section 37-1-10, convinces us that we are not establishing a new principle of law. We do not, therefore, have before us an issue of first impression whose resolution was not clearly foreshadowed. Nor does our holding upset any case law on which Plaintiff relied or could reasonably rely for his interpretation of the statutes.

**{15}** Plaintiff's reliance on *Tafoya v. Doe*, 100 N.M. 328, 670 P.2d 582 (Ct. App. 1983), is misplaced. *Tafoya* centered on limitation provisions in the Tort Claims Act, NMSA 1978, §§ 41-4-15, -16 (1977). *Tafoya*, 100 N.M. at 329-32, 670 P.2d at 583-86. Although mentioned in *Tafoya*, Section 37-1-10 was not at issue. *See Tafoya*, 100 N.M. at 331, 670 P.2d at 585. The statement from *Tafoya* on which Plaintiff relies, namely, that Section 37-1-10 "provides for tolling of certain general limitation periods until 'one year from and after the termination' of one's minority," does not support Plaintiff's limitations or prospective-application-only theories. *Tafoya*, 100 N.M. at 331, 670 P.2d at 585. By the foregoing statement, *Tafoya* was simply characterizing the statute's language as extending the limitations period one year when the period expired during minority.

**Constitutionality**

5

**{16}** Plaintiff contends that the district court's construction of the statutes of limitations violates his substantive due process and equal protection rights under the United States Constitution. He asserts that "[s]ubstantive [d]ue [p]rocess claims are addressed together with [e]qual [p]rotection [c]laims because a [s]ubstantive [d]ue [p]rocess attack necessarily and implicitly includes an equal protection attack" and cites *ACLU of New Mexico*, but provides no pinpoint citation. He acknowledges that rational-basis review is proper. We determine whether the statutes as construed are rationally related to a legitimate state interest. *See ACLU of N.M.*, 2006-NMCA-078, ¶ 19. Plaintiff has the burden of establishing that the construction and application of the statutes are not rationally related to a legitimate state interest. *Id.* "A strong presumption of constitutionality surrounds a statute." *Id.* ¶ 10 (internal quotation marks and citation omitted).

**{17}** "The purpose of a statute of limitations is to protect prospective defendants from the burden of defending against stale claims while providing an adequate period of time for a person of ordinary diligence to pursue lawful claims." *Garcia ex rel. Garcia v. La Farge*, 119 N.M. 532, 537, 893 P.2d 428, 433 (1995). Plaintiff acknowledges that, as a general proposition, the state has a legitimate interest in enacting statutes of limitations.

**{18}** Plaintiff argues, however, that Section 37-1-10 does not serve a legitimate interest, in that "it cuts off the claims of some minors while bolstering the claims of others based on an arbitrary difference in their particular ages at the time an action accrues." Plaintiff illustrates his argument by pointing out what he contends is an arbitrary classification: Where the age of majority is eighteen, minors fifteen or younger would receive the benefit of an extra year, since the three-year limitations period would expire before they reach eighteen, whereas minors sixteen or older would not receive that same benefit. Plaintiff offers this further explanation:

> Despite the fact that the sixteen year old "suffers" from his status as a minor for two years, once he reaches the age of majority[,] the trial court's interpretation of the statute not only counts those two years against him for purposes of the statute of limitations, it *also* strips him of the benefit of an extra year of tolling. In contrast, the fifteen year old who reaches the age of majority after three years [is] afforded the extra year of tolling, allowing him a total of four years in which to file suit.

Thus, as we read Plaintiff's argument, not to accept his interpretation of the statute arbitrarily discriminates between him and others who are over sixteen at the time of injury, on the one hand, and persons who are under age sixteen at the time of injury, on the other hand.

**{19}** We reject this argument. First, as we discussed earlier in this opinion, Plaintiff's construction of the statutes at issue is not plausible or reasonable. A minor is not harmed or prejudiced by the statute's continuing to run during minority, because Section 37-1-10 recognizes that a minor is not required to file an action before turning eighteen. Further, the statute recognizes that because a minor is not required to file before reaching majority it is

6

fair and proper to allow a year's time when eighteen is reached within which to file an action. Second, there is no reasonable basis on which to conclude that a minor who is at least sixteen when an injury occurs would be treated differently on any arbitrary or discriminatory basis. Third, under the district court's determination and our holding, Plaintiff is not denied a benefit that persons under sixteen at the time of injury would receive. Were Plaintiff under sixteen at the time of the accidents, he would have had a year after he reached eighteen within which to sue. Plaintiff was over sixteen at the time of his accidents, and he had more than one year after he reached eighteen within which to sue. The district court's application of the statutes was not arbitrary, unjust, or unreasonable.

{20} We therefore hold that, in regard to Plaintiff's argument of arbitrary discrimination as to classes of minors, the manner in which the district court and this Court have construed Sections 37-1-8 and 37-1-10 does not violate any substantive due process or equal protection rights.

**CONCLUSION**

{21} We affirm the district court.

{22} **IT IS SO ORDERED.**

**JONATHAN B. SUTIN, Chief Judge**

**WE CONCUR:**

**MICHAEL D. BUSTAMANTE, Judge**

**CYNTHIA A. FRY, Judge**

**Topic Index for *Gomez v. Chavarria*, Nos. 28,072/28,073**

| | |
|---|---|
| **CT** | **CONSTITUTIONAL LAW** |
| CT-DP | Due Process |
| CT-EP | Equal Protection |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-SL | Statute of Limitations |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |

**TR**             **TORTS**
TR-SA          Statute of Limitations