This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38775**

**STATE OF NEW MEXICO,**

>        Plaintiff-Appellee,

v.

**RICK G. STALLINGS,**

>        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
B. Douglas Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}**     Defendant Rick Stallings appeals his conviction and sentence for battery upon a peace officer (NMSA 1978, § 30-22-24 (1971)). Defendant argues: (1) his conviction should be reversed because structural error resulted from his having been denied counsel pretrial, in violation of the Sixth Amendment to the United States Constitution, or, alternatively, because he received ineffective assistance of counsel due to his trial attorney's lack of preparedness; (2) he is entitled to a new sentencing hearing because he was denied his Sixth Amendment right to counsel at sentencing; and (3) the district

court erred in denying his motion for a change of venue. We affirm Defendant's conviction, but vacate his sentence and remand for a new sentencing hearing.

**DISCUSSION**

**{2}** Because this is an unpublished, memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we discuss the facts only as necessary to our analysis of the issues.

**I.      Defendant Has Not Established the Denial of Counsel Pretrial Amounted to Structural Error or Ineffective Assistance of Trial Counsel**

**{3}** Our review of Defendant's deprivation of counsel claim is de novo. *See State v. Brown*, 2006-NMSC-023, ¶ 8, 139 N.M. 466, 134 P.3d 753. Defendant is indigent and qualified for the services of a public defender. During the pretrial period, Defendant was not represented by counsel, although he did have standby counsel. On the morning of trial, at Defendant's request, standby counsel was appointed as Defendant's attorney and represented him at trial. On appeal, the parties dispute (1) whether, during the pretrial period, Defendant knowingly, intelligently, and voluntarily waived his right to counsel, and (2) whether, assuming Defendant made such a waiver, he adequately withdrew his request for self-representation prior to the morning of trial. Either scenario, Defendant maintains, deprived him of counsel in violation of the Sixth Amendment and resulted in structural error. We find it unnecessary to resolve the parties' disputes. Even assuming Defendant was erroneously denied counsel during the pretrial period, Defendant fails to support his contention that such error was structural, or that it otherwise merits reversal absent a showing of prejudice. We explain.

**{4}** Generally speaking, the violation of a criminal defendant's constitutional rights does not result in the automatic reversal of a conviction; instead, such errors are subject to harmless error review, which premises reversal on a showing of prejudice. *See State v. Tollardo*, 2012-NMSC-008, ¶¶ 28, 36, 275 P.3d 110 (providing that harmless errors do not require automatic reversal and that "a constitutional error is harmless when there is no reasonable possibility it affected the verdict" (alteration, emphasis, internal quotation marks, and citation omitted)); *see also* Rule 5-113(A) NMRA (harmless error review). There are limited exceptions to this general rule—for instance, when structural error occurs, prejudice need not be shown and reversal is automatic. *See Tollardo*, 2012-NMSC-008, ¶ 25; *see also Weaver v. Massachusetts*, ___ U.S. ___, 137 S. Ct. 1899, 1907 (2017) (defining "structural error" as an error that "affects the framework within which the trial proceeds" and not "simply an error in the trial process itself" (alteration, internal quotation marks, and citation omitted)).

**{5}** In this case, Defendant contends structural error occurred and he need not show prejudice. The sum total of Defendant's argument in this regard is: "Because [Defendant] was denied counsel altogether at critical stages of his proceedings, he was subjected to structural error[.]" Defendant goes on to quote the United States Supreme

Court case of *Weaver*, which provides, "an error has been deemed structural if the error always results in fundamental unfairness. For example, if an indigent defendant is denied an attorney . . . , the resulting trial is always a fundamentally unfair one." 137 S. Ct. at 1908 (citing *Gideon v. Wainwright*, 372 U.S. 335, 343-45 (1963) (holding that the Sixth Amendment right to counsel is so fundamental and essential to a fair trial that the due process clause of the Fourteenth Amendment requires states to appoint counsel for indigent defendants)). Granted, *Weaver*, along with other cases, reinforces the well-settled rule that the complete deprivation of counsel at trial is structural error, resulting in automatic reversal. *See id.*; *see also State v. Cruz*, 2021-NMSC-015, ¶ 41, 486 P.3d 1 ("Reversal is automatic if a defendant is completely deprived of counsel when guilt is determined; the defendant need not demonstrate prejudice."). But Defendant was in fact represented by counsel at trial. And whether the denial of counsel prior to trial amounts to structural error is a question both that Defendant does not grapple with, and that, as far as we can tell, has no clear answer.

**{6}**     As an initial matter, Defendant does not identify which proceedings he deems "critical stages," let alone discuss why they might be considered as such, or explain whether the denial of counsel at a critical stage always gives rise to structural error. As best we can tell, Defendant's argument appears to identify the pretrial period in general. This, however, is of little assistance. As one leading criminal procedure treatise explains,

> [T]he denial of the constitutional right to representation by counsel at the trial stage traditionally is classified as a 'structural error' and therefore requires automatic conviction reversal . . . . In contrast, denial of counsel at pretrial stages commonly will be subject to harmless error analysis because the denial relates only to the prosecution's acquisition of evidence . . . or to elements of procedure that can be rendered moot by subsequent events at trial . . . .

3 Wayne R. LaFave, *Criminal Procedure* § 11.2(b), n.39 (4th ed. 2021); *see also id.* § 11.8(a) (providing that while the deprivation of counsel for "the entire criminal prosecution[,]" "constitutes automatic grounds for reversal[,]" "[w]here the Sixth Amendment violation is based on the failure to appoint counsel only for a particular critical stage of the prosecution, that violation has required automatic reversal as to some stages and has been subjected to the [harmless error] standard as to others"). Further, the question whether an error occurring at a pretrial stage will be subject to harmless error review or instead rises to the level of structural error does not lend itself to a simple answer. Instead, as the United States Supreme Court explained, "The precise reason why a particular error is not amenable to [harmless error] analysis—and thus the precise reason why the Court has deemed it structural—varies in a significant way from error to error." *Weaver*, 137 S. Ct. at 1908 (providing that "[t]here appear to be at least three broad rationales" for determining when structural error might be found).

**{7}**     Along these lines, our Supreme Court recently discussed the circumstances under which the denial of counsel at a pretrial proceeding constitutes reversible error,

without a showing of prejudice. *See Cruz*, 2021-NMSC-015, ¶¶ 38-41. In *Cruz*, the defendant was denied counsel at his magistrate court arraignment, at which he pleaded no contest. *Id.* ¶ 2. The Court explained, "The fact that the magistrate conducted the arraignment without providing [the d]efendant with counsel does not, in and of itself, constitute reversible error." *Id.* ¶ 38. Instead, the question was whether prejudice befell the defendant at the proceeding. *Id.* The Court referenced a prior case in which a defendant lacked counsel at the preliminary hearing and arraignment, pleaded not guilty, and was later afforded counsel at trial; in that case, because the defendant was not prejudiced, reversal was not warranted. *Id.* ¶ 39 (discussing *State v. Cisneros*, 1967-NMSC-015, 77 N.M. 361, 423 P.2d 45). In contrast, under the facts of *Cruz*, where the defendant's plea of no contest was itself a conviction, the defendant was prejudiced by the deprivation of counsel. *Id.* In concluding that reversal was automatic, without a showing of prejudice, the Court explained, "The Sixth Amendment undoubtedly requires that a defendant be provided counsel at the critical stage when the defendant's guilt or innocence of the charged crime is decided[.]" *Id.* ¶ 40 (alterations, internal quotation marks, and citation omitted). Here, in contrast, Defendant was not denied counsel at a stage when his guilt or innocence was decided, and he makes no attempt to explain why the pretrial denial of counsel, if any, in this case amounted to structural error, such that reversal is automatic. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what [a] part[y's] arguments might be").

**{8}** Nor does the case law Defendant cites support such a contention. Without explication, Defendant cites *Weaver*, *State v. Grogan*, 2007-NMSC-039, 142 N.M. 107, 163 P.3d 494, and *United States v. Cronic*, 466 U.S. 648 (1984). *Weaver* involved an entirely inapposite situation—i.e., where the defendant argued in a habeas proceeding that his trial counsel was ineffective for failing to object to the jury selection process being closed to the public for two days. *See* 137 S. Ct. at 1905. Although Defendant quotes a portion of *Weaver* in which the Supreme Court discussed general principles of "structural error," *see id.* at 1907-08, nothing in *Weaver* supports the proposition that such error occurs when a criminal defendant is denied counsel pretrial but is provided counsel at trial. *See generally id.* at 1905-14. *Grogan* is similarly inapposite. *Grogan* addressed whether the district court abused its discretion in ordering a new trial sua sponte based on obvious ineffective assistance of trial counsel. *See* 2007-NMSC-039, ¶¶ 1, 11. Although *Grogan* cited *Cronic*, for the general proposition that prejudice may be presumed in "'circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified[,]'" *Grogan*, 2007-NMSC-039, ¶ 12 (quoting *Cronic*, 466 U.S. at 658), nothing in *Grogan* illuminates whether a situation like Defendant's amounts to such a circumstance. *See generally Grogan*, 2007-NMSC-039, ¶¶ 1-20. Finally, while oft-cited in the "critical stage" context, *Cronic* ultimately sheds little light on the issue presented in this case. *Cronic* was issued on the same day as *Strickland v. Washington*, 466 U.S. 668 (1984), a case in which the United States Supreme Court held that a defendant claiming ineffective assistance of counsel must show both deficient performance and prejudice therefrom. *Id.* at 687. *Cronic*, in contrast, discussed certain circumstances of alleged ineffective assistance of counsel that would require no showing of prejudice for reversal, including "the complete denial of counsel

. . . at a critical stage of [the defendant's] trial." 466 U.S. at 659. But, again, nothing in *Cronic* speaks to whether the circumstances of Defendant's case fall into that category. In fact, *Cronic* ultimately held that the facts in that case—where a young real estate attorney who had never participated in a jury trial was given limited time to prepare for trial in a complex mail fraud case—did not justify a presumption of prejudice. *See id.* at 649, 666; *see also id.* at 661-62 (refusing "to fashion a per se rule requiring reversal of every conviction following tardy appointment of counsel" (internal quotation marks and citation omitted)).

**{9}**     In short, Defendant does not support his contention that "structural error" occurred when he was presumably denied counsel pretrial but afforded counsel at trial. *Cf. Cruz*, 2021-NMSC-015, ¶ 41 (holding that "[r]eversal is automatic if a defendant is completely deprived of counsel *when guilt is determined*" (emphasis added)). Because Defendant does not support his contention with authority or otherwise develop an argument as to why structural error occurred in his case, we do not consider it further.[1] *See, e.g.*, *State v. Willyard*, 2019-NMCA-058, ¶ 7, 450 P.3d 445 ("We are not obligated to review [a d]efendant's undeveloped argument[.]"); *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and . . . , given no cited authority, we assume no such authority exists.").

**{10}**     As an alternative to his claim of structural error, Defendant, citing *Patterson v. LeMaster*, 2001-NMSC-013, 130 N.M. 179, 21 P.3d 1032, *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880, contends that he received ineffective assistance of counsel due to his attorney's lack of trial preparation. While Defendant asserts this lack of preparation prejudiced his case, he does not explain how, let alone establish that, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id.* ¶ 28 (internal quotation marks and citations omitted). We therefore reject Defendant's ineffective assistance of counsel claim as unsupported by the record.[2] *See State v. Montano*, 2019-NMCA-019, ¶ 19, 458 P.3d 512 (rejecting a "bald claim" of ineffective assistance of counsel); *see also Grogan*, 2007-NMSC-039, ¶ 9 ("Habeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." (alteration,

---

1To be clear, we are not holding that structural error did not, as a matter of law, occur in this case.
2We note that the Supreme Court in *Cronic* explained there may be some circumstances "when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." 466 U.S. at 659-60; *cf. State v. Brazeal*, 1990-NMCA-010, ¶ 17, 109 N.M. 752, 790 P.2d 1033 (holding that ineffective assistance of counsel due to a denial of a continuance will be presumed only under this prong of *Cronic*). Defendant, however, makes no argument that such circumstances exist here, and we will not make such an argument on his behalf. *See, e.g.*, *State v. Serna*, 2018-NMCA-074, ¶ 33, 429 P.3d 1283 ("It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments. Furthermore, it would be unfair for us to construct [Defendant's] argument without the opportunity for [the State] to respond." (internal quotation marks and citation omitted)).

internal quotation marks, and citation omitted)). This decision, however, does not foreclose Defendant from bringing an ineffective assistance of counsel claim in a habeas or other postconviction proceeding. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517.

## II. Defendant Was Denied His Sixth Amendment Right to Counsel at Sentencing

**{11}** After Defendant was convicted, the district court allowed his trial counsel to withdraw, granted leave for another attorney to appear as counsel for Defendant at sentencing, and ordered the Law Offices of the Public Defender to appoint substitute counsel should that attorney be unavailable. No attorney, however, appeared on Defendant's behalf at sentencing. Notwithstanding the prior appointment of counsel for Defendant, and over Defendant's protestations, the district court ordered Defendant to represent himself at sentencing. At the sentencing hearing, Defendant contested the use of prior convictions to support a habitual offender enhancement of eight years, an enhancement the district court ultimately imposed.

**{12}** Citing *Gardner v. Florida*, 430 U.S. 349 (1977), Defendant argues he is entitled to a new sentencing hearing at which he is represented by counsel. *See id.* at 358 ("[S]entencing is a critical stage of the criminal proceeding at which [a defendant] is entitled to the effective assistance of counsel."); *see also Cruz*, 2021-NMSC-015, ¶ 40 (providing that "[t]he Sixth Amendment undoubtedly requires that a defendant be provided counsel at the critical stage when the defendant's . . . vulnerability to imprisonment is determined" (alteration, internal quotation marks, and citation omitted)). The State concedes Defendant is entitled to a new sentencing hearing. We agree with the parties, express our dismay at the manner in which the district court proceeded at sentencing, vacate Defendant's sentence, and remand for a new sentencing hearing.

## III. The District Court Did Not Abuse Its Discretion in Denying Defendant's Motion to Change Venue

**{13}** Finally, we address Defendant's argument that the district court erroneously denied his motion for a change of venue. Our review is for abuse of discretion. *See State v. Barrera*, 2001-NMSC-014, ¶ 11, 130 N.M. 227, 22 P.3d 1177. "The standard of review required in assessing most abuse-of-discretion claims is whether the trial court's venue determination is supported by substantial evidence in the record." *Id.* ¶ 12 (internal quotation marks and citation omitted). Where, however, the district court denies a motion to change venue, "and proceeds with voir dire, we will limit our review to evidence of actual prejudice." *Id.* ¶ 16 (providing that "[a] finding of no actual prejudice following voir dire, if supported by substantial evidence, necessarily precludes a finding of presumed prejudice" from pretrial publicity). Such review necessarily involves inquiry into the attitudes of potential jurors. *State v. Romero*, 2019-NMSC-007, ¶ 10, 435 P.3d 1231.

**{14}** Defendant moved for a change of venue, contending he received bad publicity from previous charges and trials. The district court denied Defendant's motion at a hearing, ruling, "All of these issues can be hashed out during voir dire." On appeal, Defendant does not argue that he suffered actual prejudice from the denial of his change of venue motion; nor does he direct us to any portion of the record demonstrating that any of the jurors selected for trial had fixed opinions and could not impartially judge Defendant's guilt. *See Barrera*, 2001-NMSC-014, ¶ 18 ("[T]he pertinent inquiry is whether the jurors had such fixed opinions that they could not judge impartially the guilt of the defendant." (omission, internal quotation marks, and citation omitted)). Accordingly, we hold the district court did not abuse its discretion in denying Defendant's motion for a change of venue. *See Romero*, 2019-NMSC-007, ¶ 17 (holding that the district court acted within its discretion in denying a motion to change venue because "[t]he jurors selected did not exhibit actual prejudice"); *Barrera*, 2001-NMSC-014, ¶ 18 (holding that there was no abuse of discretion in denying a motion to change venue because the "individuals actually selected for the jury stated that they were either unfamiliar with the case or that they could decide the case based upon the evidence presented at trial"); *see also, e.g., Gomez v. Chavarria*, 2009-NMCA-035, ¶ 13, 146 N.M. 46, 206 P.3d 157 ("We will not search the record for evidence to support a party's argument.").

**CONCLUSION**

**{15}** We affirm Defendant's conviction, but vacate his sentence and remand for a new sentencing hearing.

**{16}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**